PER CURIAM:
The claimants, Victor and Mable Phares, allege that their house has been damaged and continues to be damaged by vibrations from motor vehicles which travel on the Kingmont exit ramp of Interstate 79. They contend that vibrations began to affect their house when the Kingmont exit was built. The respondent contends that any vibrations from the roads surrounding the claimants’ house are minimal and incapable of causing damage to the house. In addition, the respondent contends that the damage to the claimants’ house was caused by settlement rather than vibrations.
The evidence presented in this claim reveals that the claimants’ house is located adjacent to the Kingmont exit on Interstate 79 in Marion County. The house was built in 1942, and it has been Mable Phares’ residence since 1946. The Kingmont exit was built in 1984. During its construction, a substantial amount of the existing soil was excavated and replaced with stone. Shortly after the start of construction, numerous structural problems developed in the claimants’ house. These problems consisted of cracks and gaps in the walls, misalignment of doors and windows, and uneven ceilings and floors. According to the claimants, the damage to their house is a direct result of vibrations which emanated from the Kingmont exit construction project and vibrations which continue to emanate from the roads near their property. The claimants also testified that the damage to their house has progressively worsened since 1984, and that their house is currently beyond repair.
Robert A. Amtower, a civil engineer employed by the respondent, examined the inside and outside of the claimants’ house on July 26, 1995. Mr. Amtower’s investigation revealed that the roof was sagging, jack posts had been installed in the basement to support the house, joint separations had formed between the cinder blocks in the basement walls, and residual moisture was present on the basement floor. According to Mr. Amtower, these observations indicated that the house was experiencing settlement damage rather than vibration damage.
Glen R. Sherman, a geologist employed by the respondent, testified that he was familiar *93 with the procedures for detecting and measuring earth-born vibrations. On July 26, 1995, Mr. Sherman visited the claimants’ house and conducted an investigation to measure vibrations in the vicinity of the house. Mr. Sherman checked for vibrations at three different locations around the claimants’ house under various conditions. In each instance, vibrations were monitored with a device which measured particle velocity and displacement acceleration of a particle excited by vibrations. According to Mr. Sherman, the highest vibration reading was 0.230 inches per second. Mr. Sherman testified that a residential structure would not ordinarily sustain damage from vibrations which measured less than 1.5 inches per second. Therefore, Mr. Sherman concluded that ihe vibration level near the claimants’ property was not high enough to cause damage to their house.
This claim presents an unfortunate set of circumstances in which the claimants’ property has been visibly damaged by an unknown force. Although the claimants contend the damage was caused by vibrations from a poorly designed road, the record revealed a substantial amount of evidence which established that vibrations were not a significant problem in the area. Moreover, the record revealed that other possible causes exit for the damage to the claimants’ house.
This Court has consistently held that an award cannot be based on speculation. Perine v. Division of Highways, unpublished opinion issued December 10, 1991, CC-94-124; Mooney v. Department of Highways, 16 Ct. Cl. 84 (1986). After a thorough review of the evidence, the Court finds that the claimants have established that their damage was caused by any negligence on the part of the respondent. Therefore, this claim is denied.
Claim disallowed.
Judge Webb did not participate in the hearing or decision of this claim.