PER CURIAM:
The claimant brought this action for damage done to his 1991 Pontiac Grand Prix, which occurred when an object struck his vehicle while he was traveling northbound on Interstate 81 near the Falling Waters Exit in Berkeley County. This portion of the road is maintained by the respondent near Falling W aters. The Court is of the opinion to deny the claim as stated more fully below.
The incident giving rise to this claim occurred on April 2, 2000, at approximately 10:00 p.m. Claimant and his wife had just passed a construction site where a new bridge was being built. The claimant testified that he was traveling at approximately 60 miles per hour. He drove over a knoll on the interstate, and he was attempting to exit at the Falling Waters Exit when he observed a vehicle in front of him with its flashers on. It appeared to the claimant that an object was caught underneath the vehicle. Claimant testified that this object appeared to be “kicked up” by the other vehicle. Claimant’s vehicle struck this object bursting the right front tire and punching a hole in the side door.
Claimant described this object as an approximate eight inch square block, orange in color and solid and metallic in nature. It appeared to claimant to look like “one of those boxes where they put out to check traffic, the counter”. The claimant submitted a repair bill in the amount of $641.45. Claimant did not have insurance to cover any portion of this damage.
It is respondent’s position that the object which struck claimant’s vehicle was not a part of any of their inventory for the construction site, and that it did not have notice of any object in the road in the vicinity of this incident. Bruce Dehaven, an employee of respondent and supervisor of the area of 1-81 where this incident occurred, testified that there was construction work being done on the Falling Waters Bridge overpass approximately a mile from the accident scene. He testified that there is nothing in their inventory that fit the description of a squarish eight-inch metallic object which claimant described. Mr. DeHaven also testified that there were no telephone calls made to the respondent on the evening of this incident notifying them of any objects in the road in the vicinity of this incident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads or highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defects in question. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). *10 Respondent established that they did not have any objects of the nature which claimant described in their inventory, and neither did they receive any telephone calls from central dispatch or the state police notifying them of any objects in the road. This Court has consistently held that an award cannot be based on mere speculation. Mooney v. Dept. of Highways, 16 Ct. Cl. 84 (1986); Phares v. Div. of Highways, 21 Ct. Cl. 92 (1996). After a thorough review of the evidence, the Court finds that the claimant has not established that the damage to his vehicle was caused by any negligence on the part of the respondent, and, further, it would be mere speculation for the Court to render an opinion as to what this object was or where it came from. Therefore, the Court is constrained by the evidence to deny this claim.
Claim disallowed.