PER CURIAM:
Claimants brought this action for damage to their property which occurred when a large tree fell from respondent’s right of way onto claimant’s building along County Route 1/11 in Wayne County. The right of way at issue is owned and maintained by respondent in Wayne County. The Courtis of the opinion to deny this claim for the reasons stated more fully, below.
The incident giving rise to this claim occurred in the early morning hours of September 6, 2000. Claimant Calla Smith resides on the property where this incident occurred. She was asleep in her bed when she heard a lot of loud noise coming from outside her home. The property is located next to County Route 11/1, also known as *175 Bowman Hill Road, in Wayne County. Within a few moments, a neighbor came to her door and told her that a large tree had fallen on her building. The building served as both a barn and a garage. One half of the building was two stories high and was used as a barn and storage area for tools and other items while the other half was used as a garage where Ms. Smith parked her pick-up track. The building was already built on the parcel of property when Ms. Smith purchased it with the residence in 1968. However, both Calla Smith and her brother Hubert Smith own the building. Claimants are not sure how long this particular building has been on the property, but photos of the building taken in 1971 depict a structure that at the time appeared to be in sound condition. Testimony adduced at the hearing also established that the building was still in at least good condition just prior to this incident and that it still had a solid foundation. The tree that fell on the building was located on the respondent’s right of way a few feet from County Route 11/1, almost directly across the road from claimants’ building. The trunk of the tree was located approximately 13.2 feet from the center line of the road and it was growing from a small bank above a ditch line along the road. The tree was a large White Oak with green leaves and many wide, long branches. It was approximately thirty-eight inches in diameter. Prior to this incident, the branches of the tree extended across the road and hung almost completely over top of the claimants’ building which had been its condition for several years.
Ms. Smith testified that the tree crushed the left half of the building that served as a barn. It destroyed the structure along with most of the items stored in it, including small hand tools, plows, wood, and extra tin. Fortunately, the tree did not land directly on the garage section of the building, where Ms. Smith parked her 1992 Ford truck. There was only a small scratch on the truck from the fallen tree. Respondent was called to the scene to remove the tree which was totally blocking the road and was lying on top of what was remaining of the left side of the building. Respondent’s crew successfully removed the limbs off of the building so as to not cause damage to the garage portion of the building where Ms. Smith’s track was parked. Respondent hauled off the debris and gave Ms. Smith the remaining quality wood to use as firewood. The claimants left the garage portion of the building standing throughout the remainder of the fall of 2000 and the winter of 2001 so that Ms. Smith could park her truck in the garage during this period. Claimants seek $27,000.00 in damages which was the estimate provided to them by a contractor for the reconstruction of a building comparable to the one destroyed by the tree.
Claimants contend that respondent knew or should have known that this tree posed a hazard for falling and that it should have remedied this hazard prior to this incident by either cutting the tree down or removing some of the larger limbs.
Respondent asserts that it did not have notice that this tree posed a hazard and that it acted diligently in responding to this incident.
Randolph Smith, Transportation Crew Chief for the respondent in Wayne County at the time of this incident, testified that he is responsible for responding to complaints regarding road conditions or hazards. Mr. Smith is responsible for dispatching crews and the proper material to the appropriate sites. He is familiar with County Route 11/1 including the location where this incident occurred. He testified that County Route 11/1 is a two-lane, blacktopped, secondary road. It is approximately twelve feet wide in most places. Mr. Smith testified that the Right of Way Division of respondent informed him that its right of way on County Route 11/1 is thirty feet Mr. Smith was first notified of the incident just prior to 7:00 a.m., when he received a telephone call. He immediately dispatched a crew to the scene. Upon *176 arrival, the crew recognized thatthe situation was unique and problematic. Therefore, they called Mr. Smith to the scene for his advice and supervision. Mr. Smith testified that the tree was a large White Oak and had fallen completely across the road and one half of claimants’ building. Mr. Smith and his crew determined that they would remove the tree one limb at a time, instead of many at once, so as to salvage the garage portion of the building. Respondent was successful in doing so. According to Mr. Smith, the tree was alive and had no signs of dead or decaying branches. All the branches were strong and healthy with green leaves. In concluding what caused this tree to fall, it was Mr. Smith’s opinion that it simply “uprooted.” He stated that “the whole root bottom upturned”. However, Mr. Smith could not state what caused the tree to do this. He testified that it was windy earlier that morning when he came to work. There had not been any severe rain storms in recent days and the area around the base and roots of the tree was dry. According to Mr. Smith, there were no apparent reasons for this tree to fall on that particular day.
The Court has held that respondent may be responsible for dangerous trees or tree limbs on its property or rights of way. The general rule adopted by the Court is that if a tree is dead and poses an apparent risk, then respondent may be held liable. Wiles v. Div. of Highways, 22 Ct. Cl. 170 (1999). However, when a healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986). Further, to hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl.8 (1985).
In the present claim, the Court is of the opinion that claimant did not establish by a preponderance of the evidence that respondent had notice that the tree at issue was at risk of falling. Respondent had received no complaints about the tree. The numerous photographs admitted into evidence establishes that the tree was green and alive. Thus, respondent did not have actual notice that the tree posed a risk of falling. The claimants could not state with any degree of certainty what caused the tree to fall, but only that the bottom foot or two of a small back portion of the tree looked dead. One of claimants’ witnesses was of the opinion that the tree was rotted on its back side, but this side of the tree was not visible from the road. The witness had no idea why the tree may have been partially rotted. No other logical explanation for the tree to suddenly fall was provided by either of the parties to this claim. This Court has consistently held that an award cannot be based on mere speculation. Mooney v. Dept. of Highways, 16 Ct. Cl. 84 (1986); Phares v. Div. of Highways, 21 Ct. Cl. 92 (1996). For this Court to make a determination as to the reason why the tree fell on the date of the incident herein would require the Court to resort to speculation which it will not do. Thus, the Court finds that respondent was not negligent in its maintenance of County Route 11/1 or its right of way on the date that the tree fell onto claimants’ property.
In accordance with the findings above, the Court is of the opinion to and does deny this claim.
Claim disallowed.
The Honorable Benjamin H. Webb, II, Judge, was not present at the hearing of this claim, but he did take part in the decision made by the Court and in the written opinion.