BAKER, JUDGE:
Claimants brought this action for personal injuries and damage to their vehicle which occurred when claimant Wilma Cook was operating their vehicle on State Route 85 near Quinland, Boone County, and the vehicle struck a hole on the edge of the road causing claimant Wilma Cookto lose control of the vehicle whereupon it crossed the road and struck the guardrail. Respondent was responsible at all times herein for the maintenance of State Route 85. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on September 28, 2001, at approximately 10:30 a.m. Claimant Wilma Cook was driving a 1991 LTD Crown Victoria on State Route 85. She was traveling from her home in Gordon to Madison, in Boone County. The weather was sunny and the roads were dry. There was very little traffic on the road. According to Mrs. Cook, she recalls only one car near her at the time of this incident and that was the vehicle behind her. She testified that she could not recall passing any oncoming vehicles at the location of this incident, but she does not believe she did. At the location of this incident, State Route 85 is a two-lane, blacktop highway with double yellow center lines and white edge lines. Mrs. Cook testified that she has traveled this road all of her life. She estimated that she probably travels it once a week. Mrs. Cook was alone in the vehicle and testified that she was traveling at approximately forty-five miles per hour which is the posted speed limit for this area. Mrs. Cook was approaching a curve to her left in the road, when suddenly the vehicle’s right rear tire dropped off the edge of the road into a hole that was located on the outer edge of the blacktop. The edge of the road and a portion of the white edge line were broken off and j agged at this location. When the tire came into contact with the jagged blacktop, it burst, causing Mrs. Cook to lose control of the vehicle. She applied the brakes in an attempt to bring the vehicle under control but to no avail. The vehicle quickly went across both lanes of traffic and struck the guardrail on the left side of the road head-on. The impact was sufficiently seiious that it caused the driver’s side air-bag to deploy. Mrs. Cook was thrown forward and struck her forehead on the windshield. As a result, she suffered a large cut to her head which was bleeding significantly at the scene. According to Mrs. Cook, she also suffered injuries to her *2 shoulder and back. Fortunately, the occupants in the vehicle behind her at the time of this incident stopped and assisted Mrs. Cook. Mrs. Cook was taken by ambulance to the emergency room at Boone Memorial Hospital in Madison, where she was treated and released. However, she had to make three additional visits to the emergency room for x-rays and follow up treatment. Mrs. Cook testified that she now has severe headaches which she directly relates to the injuries she received in this incident. She also testified that approximately a year and a half after this incident she had a CT scan of her head which was negative. Claimants submitted into evidence medical expenses incurred as a result of this incident in the amount of $ 1,882.46. However, claimants’ health insurance carrier paid for these expenses and as a result of the collateral source rule these expenses cannot be considered by the Court for reimbursement to the claimants. Claimants’ only out-of-pocket expenses related to the medical bills incurred is $ 15.00. Their vehicle was a total loss as a result of this incident. However, claimants did not present any evidence as to the value of their vehicle. It had to be towed from the scene due to significant damage. Claimant Dennis Cook testified that he had the vehicle towed from the repair shop to their house where it remains. Claimants only had liability insurance coverage on their vehicle which did not cover any portion of the losses in this claim.
It is claimants’ contention that respondent knew or should have known of the broken and jagged blacktop along the edge of the road and that it created a hazardous condition for the traveling public.
Respondent asserts that it had no notice of the broken blacktop at issue and that it did not present a hazardous condition to the traveling public. Respondent also asserts that it was not the proximate cause of claimants’ damages.
Jeffrey Dingess, a Deputy Sheriff with the Boone County Sheriffs Department, testified that he is familiar with the portion of State Route 85 at the location of this incident. One of Deputy Dingess’ duties involves the investigation of automobile accidents. He testified that in addition to the automobile accident investigation training he received at the State Police Academy, he also received “intermediate accident” investigation training which is a phase of training further advanced than that required of most police officers. Deputy Dingess was the investigating officer at the scene of this incident. He was notified of the incident at 10:38 a.m., and arrived at the scene on State Route 85 at 10:50 a.m. Deputy Dingess testified that he investigated a single-vehicle accident in which Wilma Cook was the driver, and he completed an official accident report. Deputy Dingess testified as to the findings he made in the accident report, which was introduced into evidence at the hearing. He testified that the edge of the road where Mrs. Cook’s tire dropped off the road was chipped and broken off. At the edge of the road near the broken and jagged blacktop, Deputy Dingess noticed a yaw mark, which he described as a mark on the road resulting from a tire moving forward but sliding sideways. He stated that the yaw mark was indicative of the place where Mrs. Cook’s tire went off the road on the right side of State Route 85. Respondent introduced photographs into evidence at the hearing of this matter depicting the broken and jagged edge of the blacktop, as well as the portion of guardrail that Mrs. Cook’s vehicle struck. Deputy Dingess concluded that the cause of the accident was Mrs. Cook’s tire going off the edge of the road, which caused her to “overcompensate” when she maneuvered the vehicle back onto the road, causing the vehicle to shift sideways and forcing it across the road into the guardrail. He determined that the distance between the location where claimant’s tire went off the road and the point of impact on the guardrail was 201 feet. Deputy Dingess testified that he is certain that the yaw mark was caused by claimant’s vehicle’s tire and not some other vehicle. He testified that the yaw mark matched the *3 tires on claimant’s vehicle exactly. Further, he was of the opinion that he arrived on the scene a short time after the accident and during daylight so he was able to determine the tire marks with certainty.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). Toholdrespondentliable,claimantsmustestablishbyapreponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept, of Highways, 16 Ct. Cl. 8 (1985).
In this claim, claimants failed to establish by a preponderance of the evidence that respondent was negligent in its maintenance of State Route 85 in Mingo County. Claimants presented no testimony as to why Mrs. Cook drove her vehicle onto the edge of the road. She testified that she did not recall any oncoming vehicles that forced her to maneuver the vehicle to the edge of the road. Further, Mrs. Cook is familial- with the road and yet failed to produce any evidence as to why her tire dropped off the road. Claimants assert respondent negligently maintained the road and that this negligence was the proximate cause of their damages. However, claimants did not introduce proof to support this allegation. To find respondent negligent in this claim would require the Court to speculate, which it will not do. Mooney v. Dept. of Highways, 16 Ct. Cl. 84 (1986) This Court has consistently held that it will not base an award upon mere speculation. Phares v. Div. of Highways, 21 Ct. Cl. 92 (1996). Thus, after a thorough review of the evidence, the Court finds that the claimants have not established that the respondent was negligent.
Furthermore, the Court wants to make it clear to the claimants that even if the Court had found the respondent liable, the Court would have only been able to make a small award to the claimants for Mrs. Cook’s medical expenses since she had health insurance to cover all but approximately $15.00 of her costs. The health insurance is a collateral source and the Court is constrained by the law to refrain frommaking an award wherein a collateral source has already paid for the alleged loss. In addition, had claimants prevailed in establishing liability in this claim, they could have recovered the value of their vehicle, had they presented sufficient evidence of its value.
In view of the foregoing, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.