PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant James Nelson was operating their vehicle on U.S. Route 19 near Summersville, in Nicholas County, and the vehicle struck an object in the road. Respondent was responsible at all times herein for the maintenance of U.S. Route 19. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on January 2, 2003, at approximately 3:00 a.m. Claimants were traveling from their home in Erie, Pennsylvania, to Florida. James Nelson was driving the vehicle and CharleenNelson was the front seat passenger. It was raining and foggy. At the location of this incident, U.S. Route 19 is a four-lane, divided highway with two lanes going in each direction. Claimant Mr. Nelson was traveling in the left lane approximately five miles north of Summersville when suddenly he saw what appeared to be a piece of metal in the road in front of the vehicle. He did not see the object until the vehicle was almost upon it. He was unable to maneuver the vehicle to avoid striking the object. After the tires struck the object, claimants thought that the tires were all right and, thus, continued to travel. However, approximately fifteen to twenty minutes later they noticed that the back left side tire was flat. Mr. Nelson drove the vehicle to the berm of the road to change the tire. While changing the tire, a courtesy patrol driver noticed claimants predicament and stopped to give assistance. At this time, the courtesy patrol driver noticed that claimants’ front tire was also flat. The vehicle had to be towed to a local repair shop where the claimants waited until the repair shop opened later that morning. According to the claimants, the courtesy patrol driver informed them that someone knocked a sign down on U.S. Route 19. Mrs. Nelson testified that a courtesy patrol driver stated that the sign that was knocked down was metal. In addition, the claimants testified that the object which their vehicle stack was metal. However, Mr. Nelson could not testily as to whether or not the object their vehicle stack was a metal road sign. Claimants were unable to provide any independent information, other than the courtesy patrol driver’s statement, about the nature of the obj ect which their vehicle struck. Further, claimants did not know how long the object had been in the road. Claimants had to purchase two new left side tires as a result of this incident. Claimants submitted a repair bill for the two tires which were $ 170.55 plus the towing charge of $46.00. Thus, claimants seek a total award of $216.55 for the damage incurred.
Claimants contend that respondent knew or should have known that there was an object in the road and that it presented a hazardous condition to the traveling public.
Respondent did not present any witnesses or testimony in this claim.
It is a well established principle that the State is neither an insurer nor a guarantor ofthe safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimants must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1995).
In the present claim, the claimants failed to establish by a preponderance of the evidence that respondent had notice of the obj ect in the road. Claimants did not produce any independent testimony or evidence that the object their vehicle struck was one of respondent’s road signs. The only evidence claimants presented indi eating that the object *46 was one of respondent’s road signs was an out of court statement made by a courtesy patrol driver. This is inadmissible hearsayunder the W. V. Rules of Evidence, Rule 801 (c), which states “Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” In this claim, claimants offered into evidence statements made by one or two courtesy patrol drivers that the respondent had a road sign knocked down on U.S. Route 19. These statements were made out of court, and were offered by the claimants to prove the “truth of the matter asserted”, which is that the object their vehicle struck was one of respondent’s road signs. The reason for this rule is that hearsay is generally considered to be untrustworthy because the person who made the statement is not available to be cross-examined by the respondent concerning the accuracy of the statement. State v. BroM’ning, 199 W.Va. 417, 485 S.E.2d 1(1997). To allow such statements to be introduced into evidence would be unfair to the respondent. Even if the obj ect was a road sign, claimants failed to establish that respondent had notice and a reasonable amount of time to remove the object in the road. Further, this Court has consistently held that an award cannot be based upon mere speculation. Mooney v. Dept. of Highways, 16 Ct. Cl. 84 (1986); Phares v. Division of Highways, 21 Ct. Cl. 92 (1996). While the Court is sympathetic to the claimants for the damage to their vehicle and inconvenience, it would be mere speculation for the Court to suggest what this object was or where it came from.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.