PER CURIAM:
Claimant brought this action for damage to her vehicle which occurred when her husband James Bellamy was operating the vehicle on MacCorkle Avenue in Charleston, Kanawha County, and the vehicle struck a hole in the road. Respondent was responsible at all times herein for the maintenance of MacCorkle Avenue. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
There is an issue as to the date on which this incident occurred. The claim form that claimant completed for this claim indicates that the incident occurred on December 12, 2002, which is the date that the respondent relied upon in preparing for the hearing. However, at the hearing, Mr. Bellamy testified that he was not sure of the date and he stated that it probably occuxxed in September 2002, but upon further review, he agreed that it may have occurred on December 12,2002. That issue having been resolved, Mi'. Bellamy testified that he drove from his home inBeckley, Raleigh County, to the hospital at Charleston Area Medical Center’s Memorial Division to vi sit his wife who was in the hospital on at least three different occasions for a total of twenty-five days. Regardless of the actual date of this incident, Mr. Bellamy testified that he was traveling eastbound on MacCorkle Avenue as he left the hospital. It was approximately 6:30 p.m. and it was dark and raining. He stated that he was approximately halfway between the hospital and the entrance to I- 77 when the vehicle struck either a manhole or a hole in the pavement of the road. He did not see the hole prior to striking it. He described the impact as significant, but he was able to drive claimant’s vehicle home to Beckley. The next morning he noticed that the tire pressure was low and decided to take his vehicle to a local repair shop to have the tire checked. According to Mr. Bellamy, a mechanic at the repair shop informed him that the wheel was damaged and that this damage was probably caused by the tire having struck a hole in the road. Claimant submitted an invoice into *128 evidence for the cost of replacing the wheel in the amount of $240.89.
Claimant asserts that respondent knew or should have known that this hole was in the road and that it presented a hazardous condition to the traveling public.
Respondent did not present any witnesses or evidence at the hearing of this matter.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimant failed to present any evidence that respondent was negligent. Claimant failed to establish that respondent had constructive or actual notice of the hole which caused the damage to claimant’s vehicle. Claimant was unable to establish the approximate date on which this incident occurred and she was unable to establish the approximate location of the hole. Further, Mr. Bellamy admits that the vehicle may have struck a manhole and not a hole in the pavement. This Court has consistently held that an award cannot be based on mere speculation. Mooney v. Dept. of Highways, 16 Ct. Cl. 84 (1986); Phares v. Division of Highways, 21 Ct. Cl. 92(1996). After a thorough review ofthe evidence, the Court finds that the claimant has not established that the damage to her vehicle was caused by any negligence on the part of respondent.
Accordingly, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.